United States District Court
Southern District of Texas
**ENTERED**
January 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL MEDRANO DIAZ, (TDCJ-CID #763621) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-17-0141 |
| GREG ABBOTT, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Samuel Medrano Diaz, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in January 2017, alleging an illegal conviction and sentence. Diaz, representing himself and without prepaying the filing fee, sues Greg Abbott, Governor of the State of Texas; Lorie Davis, Director of the TDCJ; Devon Anderson, Harris County District Attorney; Blanca Lopez, appellate counsel; and Candelario Elizondo, trial counsel. A careful review of Diaz's allegations show that they lack merit as a matter of law and that this case cannot proceed.

Diaz's allegations arise from his conviction and life sentence for murder in Cause Number 714137. He alleges that Greg Abbott and Lorie Davis are illegally detaining him; that Lorie Davis is refusing to execute a deportation order; that Devon Anderson sought the illegal life sentence; that Blanca Lopez allowed the appellate court to affirm his conviction; and that Candelario Elizondo rendered ineffective assistance and aided the prosecution. Diaz apparently alleges that Elizondo had obtained an acquittal but allowed the prosecutor to charge Diaz under an alias. Diaz argues that "a life sentence is a automatic appeal and the State's way of having a case back with in six months. And the way to affirm a illegal conviction without actual trial on true bills." (Docket Entry No. 1,

p. 4). Diaz claims that the defendants are conspiring to:

> deprive one of his rights that all defendants co-conspirators participated in with the State of Texas. And the director of TDCJ accepts the bodies with life sentences an interalia state given names to hold one until these illegal convictions are affirmed without actual trial by jury or a new sentencing trials by judges.

(Docket Entry No. 1, p. 4). Diaz states that trial counsel advised him to enter a guilty plea and that he would receive a reduced sentence if he did, but instead he received a life sentence. Diaz asks for a new trial, release, and deportation. He seeks damages for his incarceration.

A district court must dismiss a prisoner's § 1983 complaint if the action is frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), the court may dismiss a complaint filed without prepaying costs when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren,* 134 F.3d 732, 734 (5th Cir. 1998)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Diaz alleges that he was illegally convicted of murder and illegally sentenced to life. A court must dismiss a civil rights complaint brought under 42 U.S.C. § 1983 when the complaint, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A ruling by this court granting

Diaz the relief Diaz seeks—a new trial, release, and deportation—would necessarily undermine the validity of his 1996 conviction for murder in Cause Number 714137 and the resulting life sentence.

Under *Heck,* Diaz must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged before he can challenge it under § 1983. *Heck,* 512 U.S. at 486-87. Until Diaz receives a ruling declaring his sentence invalid, he cannot pursue his claim for relief. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . ."). Diaz has not alleged that his conviction in Cause Number 714137 has been reversed, invalidated, or otherwise expunged. Diaz states, and court records confirm, that he filed a federal petition for a writ of habeas corpus in Civil Action Number 4:02-2162, challenging the same state court case. The federal court denied the petition on October 22, 2002. Diaz filed a second federal petition, Civil Action Number 4:14-1388, which the federal court dismissed as a successive petition on May 30, 2014. Diaz's claims challenging his conviction for murder are legally frivolous under sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Diaz's suit is dismissed without prejudice to reasserting the claims if the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996). Diaz's motions to proceed without prepayment of filing fees, (Docket Entries Nos. 2, 3, & 5), are granted. His claims are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are denied as moot. The TDCJ-CID must deduct twenty percent

of each deposit made to Diaz's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, Attention: Manager of the Three-Strikes List, Lori_stover@txed.uscourts.gov.

SIGNED on January 26, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge